IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

ESTATE OF JOHN PAUL MUMMERT, Deceased,

    Plaintiff,

v.                                                                                 Case No. 23-cv-_____

                                                                                       JURY DEMANDED

ERIN E. CASSINELLI,

    Defendant.

_____

COMPLAINT

_____

The plaintiff Estate of John Paul Mummert, deceased, sues the defendant Erin E. Cassinelli, and for its cause of action, states as follows:

<u>NATURE OF THE CLAIM</u>

The bedrock principles of American law, both civil and criminal, are accountability and responsibility in protecting people and their property. The legal system depends on the trust, good faith, ethics, and fidelity of those who choose to serve their clients as attorneys and officers of the court. This action is about the many failures of the legal system – both state and federal – to protect multiple vulnerable people who relied on the good faith of those sworn to protect them. This action represents their last chance to hold those responsible accountable.

Specifically, this claim arises from an attorney's misappropriation of funds from a decedent's estate and *her* attorney's mishandling of funds committed and intended to make restitution for the attorney's misappropriation (theft) of the estate's funds. The criminal attorney representing the misappropriating attorney disregarded her obligation to hold money in her escrow account after the misappropriating attorney died during the criminal prosecution for her

theft from the estate, after the criminal attorney made express representations to a United States District Court judge in open court that the restitution funds were in her client trust account. Based in part of this representation, the United States entered into a plea agreement which this Court approved. The criminal attorney's failure to retain the funds entrusted to her in her trust account, in violation of the terms of the escrow agreement and in disregard of her legal and equitable obligations to the estate and its beneficiaries and to this very court, is the gravamen of the estate's action.

## PARTIES

1. The plaintiff Estate of John Paul Mummert, deceased, is the decedent's estate of John Paul Mummert which was opened on September 13, 2018, by the Probate Court of Shelby County, Tennessee, *In re: The Estate of John Paul Rummer*, deceased, No. PR-12292.

2. The defendant Erin E. Cassinelli is a lawyer in the private practice of law with her principal place of business at Lassiter & Cassinelli, 300 South Spring Street, Suite 800, Little Rock, Arkansas 72201. Ms. Cassinelli voluntarily consented to the jurisdiction of this Court and is subject to personal jurisdiction in this Court by appearing as counsel of record for the defendant Leigh M. Chiles in *United States of America v. Leigh M. Chiles*, Cr. No. 22-20177 TCP (W.D. Tenn.).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this claim under 28 U.S.C. § 1332 (Diversity of Citizenship), because the plaintiff Estate and the defendant Cassinelli are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

5. This Court has specific personal jurisdiction over the defendant Cassinelli under Tennessee's "long arm" statute, Tenn. Code Ann. § 20-2-214(a)(1), (5) and (6), because the claims made against her arise from her transaction of business in Tennessee; because she entered into a contract for services to be rendered in Tennessee; and these bases are not inconsistent with the constitution of this state or of the United States.

## FACTS

6. John Paul Mummert was a resident citizen of Shelby County, Tennessee, who owned and operated an interior design business in Memphis.

7. Mr. Mummert had several friends who, like him, were regular clientele of Café Society, a neighborhood restaurant in Midtown Memphis.

8. Mr. Mummert's many friends included Patti L. Smith, Angela Good, Cindy Lawson, and Leigh M. Chiles.

9. Mr. Mummert was a lifelong bachelor. He had no children, no siblings, and by February 2015, John Mummert's parents had died.

10. James Kearney provided lawn services for John Mummert's Midtown residence for many years, and, when Mr. Mummert became sick later in his life, Mr. Kearney also became friends with Mr. Mummert, bringing him to his church for services when Mr. Mummert had difficulty getting around on his own.

11. Patti L. Smith, Angela Good, and Cindy Lawson all provided care and comfort to John Mummert when he became ill near the end of his life.

12. Leigh M. Chiles was a lawyer who was licensed to practice law in Tennessee and who was shareholder in the Memphis office of Baker Donelson Bearman Caldwell & Berkowitz where she focused her practice on litigation under the Employee Retirement Income Security Act (ERISA).

13. Leigh M. Chiles was also an alcoholic who, despite treatment, was unable to achieve consistent sobriety.

14. In February 2015, Ms. Chiles drafted the Last Will and Testament of John Paul Mummert, which he executed in the presence of witnesses on February 6, 2015.

15. Mr. Mummert's will, as drafted by Ms. Chiles, provided for the appointment of Ms. Chiles as the "Executor" and waived the requirements of either a bond or "any accounting, interim or final, with any judge or any court."

16. John Paul Mummert died on July 30, 2018, a resident of Shelby County at the time of his death.

17. By the time Mr. Mummert died, Leigh Chiles was no longer practicing law, having been suspended twenty days earlier on July 10, 2018, and she was no longer a shareholder with the Baker Donelson firm, having left in December 2017.

18. Like any alcoholic, Ms. Chiles had people in her life who, though well-intentioned, enabled her destructive alcoholic behavior. After Mr. Mummert died, one lawyer obtained a copy of his will from the files from her former law firm, and another lawyer (now deceased himself) petitioned the Probate Court of Shelby County to open a decedent's estate for Mr. Mummert, appointing Ms. Chiles to serve as his estate's personal representative without bond and without being obligated to file interim or final accountings.

19. On September 14, 2018, the Probate Court of Shelby County, Tennessee, appointed Leigh Chiles to serve as the personal representative of the Estate of John Paul Mummert, without bond, based upon a photocopy of his will, and set a later date to admit the copy of the will if the original could not be found. A copy of the Probate Court's "Order Opening Administration of Estate and Appointing Personal Representative" filed on September 14, 2018 is attached hereto as **Complaint Exhibit 1**.

20. On December 13, 2018, the Probate Court of Shelby County, Tennessee, admitted to probate a copy of Mr. Mummert's will in lieu of the original, which was never found, and confirmed Ms. Chiles's appointment as the personal representative without bond, waiving the requirements of an inventory and accounting but requiring "status reports…in accordance with law." A copy of the Probate Court's "Order Admitting to Probate the Last Will and Testament of John Paul Mummert" filed on December 13, 2018 is attached hereto as **Complaint Exhibit 2**.

21. Mr. Mummert's estate had an estimated cash value of $350,000, most of which was in a Vanguard account and two accounts with Commercial Bank & Trust Company.

22. Leigh Chiles had the exclusive access to Mr. Mummert's accounts, and from November 2018 to June 2019, Ms. Chiles withdrew money out of these accounts for her personal use and benefit for items such as her Range Rover lease payments, monthly rental payment for her private residence, and monthly payments on property she was purchasing in Arkansas.

23. By September of the following year, the Probate Court entered an order on September 17, freezing the assets of Mr. Mummert's estate and providing other emergency relief. A copy of the Probate Court's "Ex Parte Order Freezing Assets, Granting Temporary

Injunction and Other Emergency Relief" filed on September 17, 2019 is attached hereto as **Complaint Exhibit 3**.

24. On September 27, 2019, by consent order, the Probate Court removed Leigh Chiles as the personal representative of the Estate of John Paul Mummert and appointed Patti L. Smith and Angela Good as substitute personal representatives. A copy of the Probate Court's "Consent Order Regarding Substitution of Personal Representative and Related Matters" filed on September 27, 2019 is attached hereto as **Complaint Exhibit 4**.

25. On July 28, 2022, an Indictment was filed against Leigh Chiles in the United States District Court for the Western District of Tennessee in *United States of America v. Leigh M. Chiles*, Cr. No. 22-20177-TLP, alleging a four-count scheme by Ms. Chiles to defraud the Estate of John Mummert "and the Estate Beneficiaries," who by then were Patti L. Smith, Angela Good, and James Kearney. A copy of the Indictment filed on July 28, 2022 in *United States of America v. Leigh M. Chiles*, Cr. No. 22-20177-TLP ("*USA v. Chiles*") is attached hereto as **Complaint Exhibit 5**.

26. On that same date of July 28, 2022, the case of *USA v. Chiles* was transferred from Judge Parker to Judge Fowlkes. *See* ECF Doc. 4 on Docket Sheet, attached hereto as **Complaint Exhibit 6**.

27. On October 26, 2022, the defendant Erin Cassinelli filed a motion for leave to appear in the United States District Court for the Western District of Tennessee and be admitted to practice pro hac vice (ECF Doc. 25), which the Court granted the same day. (ECF Doc. 26). Copies of the Motion and Order are attached hereto as **Complaint Exhibits 7** and **8**, respectively.

28. On November 20, 2022, the clerk's notes of the docket sheet in *USA v. Chiles* show that Ms. Chiles's attorneys stated the defendant "has funds in escrow account" and was "looking to resolve [the case] without trial." (Minute Entry; ECF Doc. 27). *See* docket sheet in *USA v. Chiles* highlighting the clerk's Minute Entry attached hereto as **Complaint Exhibit 6**.

29. Upon information and belief, the source of the funds held in the client trust account of the defendant Erin Cassinelli was the mother of Leigh M. Chiles.

30. Upon the deposit of funds in the client trust account of the defendant Erin Cassinelli, the title and ownership of these funds was conveyed to the escrow agent, and the funds ceased to be the property of the payor, believed to be Leigh M. Chiles's mother.

31. On March 17, 2023, Leigh Chiles appeared in person in this Court with her local criminal attorney, Michael Scholl, and pled guilty to Count 2 of the Indictment, with Counts 1, 3, and 4 to be dismissed at sentencing, all pursuant to a written Plea Agreement. A copy of the verbatim transcript of the proceedings of March 17, 2023 (ECF Doc. 45) is attached hereto as **Complaint Exhibit 9**.

32. In the hearing on March 17, 2023, AUSA Carroll L. Andre' III stated that the plea agreement with Ms. Chiles provided for her to pay restitution of $124,190.57 and that he understood that "restitution is in Ms. Cassinelli - - that's the other attorney representing her [Ms. Chiles] in Arkansas. It's in her escrow account," to which Mr. Scholl added:

> That is correct, Your Honor. And a check is being sent to me made out to the estate. I will get together with the representative of the estate where we will be tendering that payment in full.

*USA v. Chiles*, Trans. at 26 (ECF Doc. 45; PAGEID 94).

33. This Court approved and accepted the guilty plea and the Plea Agreement. *See* docket sheet, *USA v. Chiles* Clerk's Minute Entry of March 17, 2023 (ECF Doc. 39), attached hereto as **Complaint Exhibit 6**.

34. The Plea Agreement, signed by AUSA Andre', both defense attorneys, including the defendant Erin Cassinelli, and Leigh M. Chiles, was filed with the Court Clerk. (ECF Doc. 42; PAGEID 42). A copy of the Plea Agreement in *USA v. Chiles* is attached hereto as **Complaint Exhibit 10**.

35. In the Plea Agreement Leigh Chiles agreed to "pay restitution to the Estate of John Paul Mummert . . . in an amount not to exceed $124,190.57." Plea Agrmt ¶ 1.(f). (ECF Doc. 42; PAGEID 59).

36. Leigh Chiles was released from the custody of the U.S. Marshall on March 17, 2023, with the sentencing based on her accepted Plea Agreement set for July 18, 2023. (ECF Doc. 43).

37. Leigh Chiles died from a self-inflicted gun shot wound to the head at the home of a Memphis Police Officer at 1882 Manila Avenue in Memphis shortly after midnight on March 18, 2023. A copy of the Certificate of Death of the Tennessee Department of Health, Office of Vital Records, #15334229 is attached hereto as **Complaint Exhibit 11**.

38. By letter dated April 4, 2023, counsel for the Estate notified the defendant Erin Cassinelli and Michael Scholl, the counsel of record for Leigh M. Chiles in *USA v. Chiles,* of his involvement and that the funds held by Ms. Cassinelli in her escrow account should not be released. A copy of the letter dated April 4, 2023 to Ms. Cassinelli and Mr. Scholl is attached hereto as **Complaint Exhibit 12**.

8

39. By letter dated April 4, 2023, addressed to the Estate's attorney, Ms. Cassinelli stated: "I am not in possession of any money due to your client . . . [T]he owner of the funds [in her escrow account] requested their return, and I returned the funds . . . I am not holding any funds in my trust account related to your claims." A copy of Ms. Cassinelli's letter dated April 4, 2023 is attached hereto as **Complaint Exhibit 13**.

## COUNT 1
### Breach of Escrow Agreement and Escrow Agent's Duties

40. The funds in the amount of one hundred twenty-four thousand one hundred ninety dollars and fifty-seven cents ($124,190.57) to be paid as restitution to the Estate of John Paul Mummert under Paragraph 1.(f) of the Plea Agreement were being held in escrow and were a material basis for the Court's acceptance of Ms. Chiles's guilty plea as to one count and the government's agreement to dismiss the other counts.

41. The death of Leigh Chiles did not alter or change in any material way the obligation of the escrow agent to continue to hold and disburse the funds to Estate of John Paul Mummert.

42. The death of Leigh Chiles did not change the title owner of the funds on deposit in the defendant Cassinelli's escrow account.

43. Contrary to the representations of the defendant Cassinelli in her letter of April 4, 2023, the person who may have been the source of the funds deposited in her escrow account was not the "owner" of the funds, and the defendant Cassinelli, as the escrow agent, lacked the authority to release any funds in violation of the terms of the escrow agreement and her obligations as the escrow agent with respect to the funds being held for the benefit of the Estate and the Estate's beneficiaries.

44.     The defendant Erin Cassinelli breached her duties as an officer of the court and as the escrow agent of her client trust account by knowingly, intentionally, recklessly and maliciously releasing funds deposited in her client trust account in violation of her obligation to maintain funds deposited in that account for the use and benefit of the Estate of Paul Mummert, deceased, and its beneficiaries.

45.     The defendant Erin Cassinelli acted intentionally, recklessly, or maliciously and with callous disregard for the rights of the Estate of John Paul Mummert, deceased, and the beneficiaries of the Estate and in disregard for her duties as the escrow agent and as an officer of the court and in violation of the rights and interests of the legal and equitable owners of the funds on deposit in that account.

46.     The plaintiff Estate of John Paul Mummert, Deceased, was damaged and sustained injuries as a direct and proximate result of the defendant Cassinelli's breach of her duties as the escrow agent of her clients' trust account and her breach of the terms of the escrow agreement.

## COUNT 2
### Breach of the Implied Duty of Good Faith and Fair Dealing

47.     Every contract contains an implied duty of good faith and fair dealing in its performance and enforcement.

48.     The defendant Erin Cassinelli breached the duty of good faith and fair dealing implied in the escrow agreement appliable to funds deposited in her client trust account by knowingly, intentionally, recklessly, and maliciously releasing funds deposited in the client trust account in violation of her obligation to maintain funds deposited in that account for the use and benefit of the Estate of Paul Mummert, deceased, and its beneficiaries.

PRAYER FOR RELIEF

WHEREFORE the plaintiff Estate of John Paul Mummert, Deceased, prays as follows:

1. That the Court empanel a jury to try this case and thereafter enter a judgment for compensatory damages of not less than one hundred twenty-four thousand one hundred ninety dollars and fifty-seven cents ($124,190.57) for the plaintiff Estate of John Paul Mummert, deceased, against the defendant Erin E. Cassinelli, plus prejudgment interest on this liquidated amount, and a judgment for punitive damages in an amount to be determined by the jury based upon the evidence and the law, as instructed by this Court;

2. That the Court enter a judgment for the Estate of John Paul Mummert, deceased, for such other and further relief to which it may be entitled.

THE PLAINTIFF DEMANDS A JURY TO TRY THIS CASE.

Respectfully submitted,

HARRIS SHELTON
HANOVER WALSH, P.L.L.C.

s/Michael F. Rafferty
Michael F. Rafferty, No. 10092
6060 Primacy Parkway, Suite 100
Memphis, Tennessee  38119
mrafferty@harrisshelton.com
PH: (901) 525-1455
FX: (901) 526-4084

*Attorneys for Plaintiff*
*Estate of John. P. Mummert, Deceased*